UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

September 8, 2023

LETTER TO ALL PARTIES

Re:   *Terrell S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-2810-BAH

Dear Counsel and Plaintiff:

On October 31, 2022, Plaintiff, proceeding *pro se*, filed a complaint asking this Court to review the Commissioner of the Social Security Administration's ("Commissioner's" or "SSA's") decision denying Plaintiff Social Security disability benefits. ECF 1. The Commissioner filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF 11. However, because the Commissioner did not style her motion to dismiss as one in the alternative under Federal Rules of Civil Procedure 12(b)(6) or 56, this Court requested that the Commissioner file an amended motion to dismiss. ECF 14. Subsequently, the Commissioner filed an amended motion to dismiss pursuant to Rule 12(b)(6), or alternatively for summary judgment pursuant to Rule 56. ECF 15. Plaintiff did not file any response. I have carefully reviewed the filings in this case. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Commissioner's amended motion must be granted.

"Congress has authorized lawsuits seeking judicial review of decisions by the SSA only under certain limited conditions, including filing deadlines specified by statute." *Tlee C. v. Saul*, No. DLB-19-3585, 2020 WL 3268529, at *1 (D. Md. June 17, 2020) (citing *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958)). A claimant appealing an adverse disability determination by the SSA must file the civil action "within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also* 20 C.F.R. § 422.210(c). This "60-day requirement is not jurisdictional, but rather constitutes a period of limitations" subject to equitable tolling in the rare circumstances where appropriate. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)); *see also Hyatt v. Heckler*, 807 F.2d 376, 378 380 (4th Cir. 1986).

"The limitations period must [ ] be strictly enforced, absent (1) an agreement by the SSA to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines." *Tlee C.*, 2020 WL 3268529, at *1. "Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). The Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (footnotes omitted); *see Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96 (citing *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 151, (1984)); *see also*

*Terrell S. v. Kijakazi*
Civil No. 22-2810-BAH
September 8, 2023
Page 2

*Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280 (4th Cir. 2000).

In this case, I will consider the Commissioner's attached Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations ("Podraza Decl."). ECF 15-2. Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to Rule 56.[1] Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). After receipt of the Commissioner's original motion to dismiss, ECF 10, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF 13. Following this Court's instruction to the Commissioner to amend the motion to dismiss, ECF 14, and the filing of Defendant's amended motion to dismiss, ECF 15, another "Rule 12/56 notice" was mailed to Plaintiff, ECF 16. This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g., Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion. Plaintiff did not respond after the first Rule 12/56 notice mailed on February 10, 2023, or after the second was mailed on June 20, 2023. Therefore, I find that Plaintiff received sufficient notice, by way of the title of the motion and the information in the Rule 12/56 notice, that the Commissioner's motion could be converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in

---

[1] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012).

*Terrell S. v. Kijakazi*
Civil No. 22-2810-BAH
September 8, 2023
Page 3

support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, an administrative law judge ("ALJ") denied Plaintiff's claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act") on January 6, 2021. Podraza Decl. ¶ 3(a); *see* ECF 15-2, at 8–22. Plaintiff requested review of the ALJ's decision. Podraza Decl. ¶ 3(a). On March 4, 2021, the Appeals Council ("AC") mailed Plaintiff and Plaintiff's counsel notice of the AC's action on Plaintiff's request and advised Plaintiff of the right to appeal the decision by filing a civil action within sixty days. *Id.*; *see* ECF 15-2, at 29–31. Plaintiff did not file a civil action or request an extension of time by the deadline. Podraza Decl. ¶ 3(b). Plaintiff commenced this action on October 31, 2022. *Id.* ¶ 3(c); *see* ECF 1.

Here, Plaintiff commenced this civil action almost sixteen months after the deadline.[2] There was no agreement to toll the deadline in this case. *See* Podraza Decl. ¶ 3(b). Nor is there evidence of the other circumstances that may warrant tolling the deadline. *See Kokotis*, 223 F.3d at 280; *Hyatt*, 807 F.2d at 380. Plaintiff has not alleged, and the record does not reflect, any misconduct on the part of the SSA in this case. As a result, equitable tolling is not warranted. Plaintiff filed his complaint after the statutory limitations period had run, and, therefore, the SSA's amended motion to dismiss must be granted.

For these reasons, the Commissioner's amended motion is GRANTED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[2] The 60-day statutory period begins running from the day "notice of such decision is received by the individual." 42 U.S.C. § 405(g). The date of receipt is "presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Here, the AC notice was dated March 4, 2021. ECF 15-2, at 29. The 60-day period began running five days after that on March 9. Sixty days later fell on Saturday, May 8, 2021, making the following Monday, May 10, 2021, the deadline.